IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PJF LIMITED PARTNERSHIP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-180 (RDA/TCB) |
| ) | |
| BANK OF AMERICA, N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Motion to Dismiss submitted by Defendants NewRez, LLC, d/b/a Shellpoint Mortgage Servicing ("Defendant Shellpoint") and Wilmington Savings Fund Society, FSB, Not in Its Individual Capacity but Solely as Trustee for BCAT 2017-19TT's ("Defendant Wilmington"). Dkt. 2. Plaintiff PJF Limited Partnership ("Plaintiff"), purportedly proceeding *pro se*, has been afforded the opportunity to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), but Plaintiff has not responded. The Court dispenses with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). This matter is now ripe for disposition. Considering the Motion (Dkt. 2), the Defendants' Memorandum in Support (Dkt. 3), and Defendants' Reply (Dkt. 6), the Court grants the motion for the reasons that follow.

### I. BACKGROUND

The facts underlying this dispute date back to a 2006 loan that Defendant Bank of America, N.A. made to Plaintiff, which is secured by real property at 7476 Stoney Hill Lane, The Plains, Virginia 20198. Dkt. 1-3, ¶¶ 8, 10. Defendant Ocwen Loan Servicing, LLC ("Defendant Ocwen") serviced the loan at one time, but Defendant Shellpoint has since taken over as servicer for the

loan. *Id.* ¶¶ 4-5. Defendant Ocwen initiated foreclosure proceedings after Plaintiff failed to make monthly mortgage payments in 2011; the parties ultimately settled the foreclosure mater. *Id.* ¶¶ 5, 21. A loan modification agreement was executed on December 6, 2013. *Id.* ¶ 22. Then, on September 7, 2017, Mr. Fetner filed for Chapter 11 bankruptcy. *Id.* ¶¶ 11, 25. Proceedings in the bankruptcy court continued for several years until the court entered a settlement order on October 28, 2020. *See* Dkt. 3 at 6.

On October 15, 2020, Philip Jay Fetner filed this case in the Circuit Court for Fauquier County, Virginia, *pro se* on behalf of Plaintiff PJF Limited Partnership. Dkt. 1. In the Complaint, Plaintiff brings five causes of action: (1) "Predatory Lending and Mortgage Fraud" in violation of federal statutes, including the Truth in Lending Act, 15 U.S.C. § 1601, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691; (2) "Virginia State Statutes" for alleged violations of The Virginia Consumer Protection Act, The Virginia Consumer Debt Collection Act, and the Virginia Mortgage Fraud Protection Act; (3) "Breaches of Contract" under the Loan documents; (4) "Bankruptcy Fraud/Abuse of Process"; and (5) "RICO/ 'Little RICO'" for alleged violations of the federal racketeering statute, 15 U.S.C. § 1961, as well as Virginia's statutory equivalent, Va. Code § 18.2-512. Dkt. 1-3, ¶¶ 29-64. Mr. Fetner signed the Complaint, *pro se*, individually as "General Partner" and as the purported "Partner or Trustee in Dissolution" of Plaintiff PJF Limited Partnership. *Id.* at 13.

Defendants removed the action to this Court on February 18, 2021. Dkt. 1. Defendants Shellpoint and Wilmington then moved to dismiss the Complaint on February 25, 2021 under Federal Rule of Civil Procedure 12(b)(6), supplying the proper *Roseboro* notice in light of Plaintiff's *pro se* status. 528 F.2d 309. Dkt. 2. Plaintiff has not responded to Defendants' Motion to Dismiss.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011). "[T]he reviewing court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level[,]'" and dismissal is appropriate only if the well-pleaded facts in the complaint "state a claim that is plausible on its face.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Twombly*, 550 U.S. at 556).

Still, "[c]onclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995); *see also E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) ("[W]hile we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts . . . Similarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."). And "[g]enerally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb*, 791 F.3d at 508)). Because Plaintiff is proceeding *pro se*, this Court liberally construes its filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014)).

## III. ANALYSIS

Defendants first move to dismiss the Complaint because Plaintiff PJF Limited Partnership, an artificial entity, cannot proceed *pro se* before the Court. In support, Defendants argue that a partnership bringing a civil action in federal court must appear through counsel. In addition,

Defendants argue that Virginia law bars Mr. Fetner from asserting Plaintiff's claims individually in a *pro se* posture. Specifically, they maintain that a "business entity or corporation involved in litigation in Virginia must be represented by an attorney licensed to practice in Virginia." *Id.* at 3 (citing Rules of the Supreme Court of Virginia, Part 6, § 1, Unauthorized Practice Rules 1-3). Defendants argue that the Complaint should be dismissed in its entirety because it fails this requirement, as Mr. Fetner is not authorized to practice law in Virginia. In the alternative, Defendants argue, the Complaint fails to state a claim upon which relief may be granted—even if Mr. Fetner could assert Plaintiff's claims in a *pro se* representative capacity.

The first issue before the Court is whether Plaintiff, as a partnership, may represent itself *pro se* in this action. Firmly established case law definitely resolves this question in Defendants' favor. In *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993), the Supreme Court made clear that "a corporation may appear in the federal courts only through licensed counsel." *Id.* Indeed, this Court has recognized the principle as a "centuries-old rule." *Olawole v. ActioNet, Inc.*, 258 F. Supp. 3d 694, 701 (E.D. Va. 2017). And in *McGowan v. Cross*, Nos. 92-1480, 92-1584, 1993 WL 125416, at *1 n.1 (4th Cir. 1993), the Fourth Circuit stated that "[c]orporations and partnerships, as artificial entities, may not appear pro se but must instead appear through counsel." The rule has been affirmed time and again. *See, e.g.*, *In re Tamojira*, 20 F. App'x 133, 133-34 (4th Cir.2001) ("[I]t is well settled that a corporation must be represented by an attorney in federal court."); *Smith ex rel. K.M.J. Int'l, Inc. v. U.S. Gov't*, No. 1:10CV673, 2010 WL 3655643, at *1 (M.D.N.C. Sept. 13, 2010) (collecting cases). Accordingly, the Court finds that Plaintiff cannot proceed *pro se* in this federal civil action.

Second, the Court concludes that Mr. Fetner is precluded from asserting Plaintiff's claims on the partnership's behalf because he is not licensed to practice law in Virginia. A corporation

4

or partnership bringing a federal civil lawsuit "may not pursue any claims unless the corporation [or partnership] is represented by a duly licensed attorney[.]" *Olawole*, 258 F. Supp. 3d at 701. This rule gives effect to *Rowland*'s requirement that such entities may enter appearances in federal courts "only through licensed counsel." 506 U.S. at 202. In situations such as this one, it is appropriate to dismiss the partnership's claims; the Court's dismissal, however, will be without prejudice. *See Olawole*, 258 F. Supp. 3d at 701 (dismissing claims of unrepresented corporation without prejudice).

The Court need not address Defendants' other arguments for dismissal for failure to state a claim at this juncture.

## IV. CONCLUSION

For these reasons, Defendant Shellpoint's and Wilmington's Motion to Dismiss (Dkt. 2) is hereby GRANTED. The Complaint in its entirety is DISMISSED WITHOUT PREJUDICE. Should Plaintiff obtain licensed counsel, it may move to reopen the case.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record for Defendants and Plaintiff, *pro se*, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
September 16, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge